UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LETITIA CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-193-TS |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 14], filed on August 24, 2009. The Plaintiff has not filed a response, and the time for doing so has expired. For the reasons stated in this Opinion and Order, the Defendant's Motion will be granted.

**BACKGROUND**

On June 23, 2009, the Plaintiff, Letitia Chambers, filed a six-count Complaint against her former employer, Walgreen Co. One of the events giving rise to the lawsuit was the Plaintiff's April 21, 2008, termination from employment. The Plaintiff filed an Amended Complaint on August 10 to remove one of her claims against the Defendant, leaving the following causes of action: violation of Title VII (Count I); intentional infliction of emotional distress (Count II); wrongful and retaliatory discharge (Count III); violation of Indiana wage and hour law (Count IV); and negligent hiring and supervision (Count V). In support of Count I, the Plaintiff alleges that the Defendant violated Title VII when it harassed and discriminated against her on the basis of her race, and retaliated against her for filing complaints of discrimination. She alleges that the discrimination and retaliation culminated in a retaliatory discharge on April 21, 2008. In Count

III, the Plaintiff again cites her April 21 discharge and claims that it was "in retaliation for filing a complaint of racial discrimination and racially hostile work environment and/or her participation in the class action, and in response from remarks from other employees that they did not want to work for an 'African American Manager.'" (Pl.'s Am. Compl. ¶ 54.)

On August 24, the Defendant filed an Answer and Affirmative/Additional Defenses to Plaintiff's Amended Complaint, except as to Count III, which the Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on grounds that "Indiana courts do not recognize a common law claim for retaliatory discharge where, as here, the plaintiff alleges that she was discharged in retaliation for asserting rights under the state and/or federal anti-discrimination statutes." (Def.'s Mot. ¶ 5.) The Plaintiff has not responded to the Defendant's Motion to Dismiss Count III of her Amended Complaint.

## ANALYSIS

Traditionally, Indiana has recognized two forms of employment: (1) employment at will; and (2) employment for a definite or ascertainable time. *Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). There is no allegation in the Amended Complaint to reasonably suggest that the Plaintiff's employment was not at will. Therefore, under Indiana's employment at will doctrine, both the Plaintiff and the Defendant were permitted to terminate the employment at any time for "good reason, bad reason, or no reason at all." *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007) (quoting *Montgomery v. Bd. of Trs. of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)). The Plaintiff appears, in Count III, to be invoking a common law exception to the employment at will doctrine.

Indiana courts have recognized public policy exceptions to the employment at will doctrine, but only on "rare occasions." *Meyers*, 861 N.E.2d at 706. In *Myers*, the Indiana Supreme Court, noting that "Indiana Worker's Compensation Act expressly provides that 'no rule, regulation, or other device shall, in any manner,' relieve an employer from the obligations imposed by the Act," 861 N.E.2d at 706 (quoting *Frampton v. Cent. Ind. Gas Co.*, 297 N.E.2d 425, 427–28 (Ind. 1973)), "found that the threat of discharge was such a 'device,'" and "held that 'an employee who alleges he or she was retaliatorily discharged for filing a claim' under the Act 'has stated a claim upon which relief can be granted,'" *id.* (quoting *Frampton*, 297 N.E.2d at 427–28). The *Frampton* exception was later expanded in *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 392–93 (Ind. 1988), to apply when an employee is fired for refusing to commit an illegal act for which he would be personally liable. Nevertheless, the Indiana Supreme Court has reaffirmed the narrowness of the public policy exception. *Myers*, 861 N.E.2d at 706 (stating that "[t]he decisions during the intervening thirty years have made it plain that this language is intended to recognize quite a limited exception").

As the Defendant notes, the Seventh Circuit and federal district courts in Indiana have consistently predicted that Indiana courts would not recognize a common law claim for wrongful discharge contrary to public policy (i.e., a public policy exception to the at will doctrine) where the underlying statute establishes its own remedies and procedures for discrimination and retaliatory discharge. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 503–04 (7th Cir. 1999) (rejecting the plaintiff's claim for exception to Indiana's employment at will doctrine because the Indiana legislature had created a specific statutory remedy for discharge of an employee who complained about health or safety issue in the workplace); *Davenport v. Grand Lodge of the Free &*

3

*Accepted Mason of the State of Ind.*, Case No. IP 00-1047-C, 2004 WL 2278754 (S.D. Ind. Sept. 30, 2004) (holding that the plaintiff was not entitled to seek an independent common law claim for wrongful discharge because remedies for discrimination and retaliatory discharge were available under Title VII, the American with Disabilities Act, and the Indiana Civil Rights Act); *Combs v. Ind. Gaming Co.*, No. NA99-0154-C-H/S, 2000 WL 1716452 (S.D. Ind. Aug. 30, 2000) (explaining that where the legislature has spelled out the public policy and the remedy, the remedy is already part of the public policy and does not require a common law supplement); *Reeder-Baker v. Lincoln Nat'l Corp.*, 644 F. Supp. 983, 986 (N.D. Ind. 1986) (holding that the plaintiff had no need for the *Frampton* exception because she had a cause of action under Title VII for unlawful employment practices, including retaliatory discharge). This Court, as well, has held that "under Indiana law, to assert a claim for wrongful discharge, there must be no other remedy adequate to deter the employer's conduct." *Boyer v. Canterbury School, Inc.*, No. 1:04-CV-367-TS, 2005 WL 2370232, at *5 (N.D. Ind. Sept. 27, 2005) (finding "it highly unlikely that the Indiana Supreme Court would find the remedies available under the ADA inadequate and expand the wrongful discharge exception").

Like the plaintiffs in these cases, the Plaintiff has a statutory alternative to a common law wrongful discharge claim asserted in Count III of her Amended Complaint. She has already asserted such a claim in Count I of the Amended Complaint. Since remedies are available under Title VII for the retaliatory discharge the Plaintiff alleges, her common law claim is not cognizable, and Count III fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the forgoing reasons, the Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint [DE 14] is GRANTED, and Count III of the Amended Complaint is DISMISSED.

SO ORDERED on October 26, 2009.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION